JOHN E. KELLY, ESQ. (CA Bar 40,217)
  Rachael@Kelly-KelleyLaw.com
  Johnk@Kelly-KelleyLaw.com
MICHAEL A. DiNARDO, ESQ. (CA Bar 216,991)
  Mike@Kelly-KelleyLaw.com
KELLY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, California 91367
Tel:   (818) 347-7900
Fax:  (818) 340-2859

Attorneys for Plaintiff, Scat Enterprises, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCAT ENTERPRISES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP LLC, a Delaware Limited Liability Company,<br><br>Defendant.<br><br>_____ | Case No.<br><br>COMPLAINT FOR:<br><br>(1)  Infringement of U.S. Registrations;<br>(2)  False Designation of Origin and Misrepresentation, 15 U.S.C. §1125(a)(1)(A);<br>(3)  False Advertising, 15 U.S.C. §1125(a)(1)(B);<br>(4)  Infringement of Marks, California Law; and<br>(5)  Unfair Competition, California Law<br><br>* * * *<br><br>DEMAND FOR JURY TRIAL |

For its Complaint, Plaintiff Scat Enterprises, Inc., alleges:

## JURISDICTION AND VENUE

1.     This civil action is for: federal claim of infringement of U.S. registrations 15 U.S.C. §1051 et seq., 15 U.S.C. §1114 (first cause of action); federal claim of false designation of origin and misrepresentation, 15 U.S.C. §1051 et seq., 15 U.S.C. §1125(a)(1)(A) (second cause of action); federal claim of false advertising, 15 U.S.C. §1125(a)(1)(B) (third

cause of action); state claim of mark infringement under the statutory laws and common law of the State of California, Calif. Bus. & Prof. Code §14330 (fourth cause of action); and, state claim of unfair competition under the statutory laws and common law of the State of California, Calif. Bus. & Prof. Code §17200-17203; §17500 (fifth cause of action).

2.     The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338 (a) and 15 U.S.C. §1121 for the first, second and third causes of action; and supplemental and pendent jurisdiction under 28 U.S.C. §1367 & §1338(b) for the third and fourth causes of action.

3.     The Court also has jurisdiction over the parties and the subject matter of the fourth and fifth causes of action as there is complete diversity of citizenship between the parties - and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000). 15 U.S.C. §1332.

4.     Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b).

**GENERAL ALLEGATIONS**

5.     Scat Enterprises, Inc. the Plaintiff (usually "Plaintiff") is a corporation duly organized and existing under and by virtue of the laws of the State of California, with its principal place of business within this judicial district at 1400 Kingsdale Avenue, Redondo Beach, California 90278.

6.     Chrysler Group LLC, the Defendant (usually "Defendant")  is, upon information and belief, a limited liability company formed under the laws of the State of Delaware, having a principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan 48326-2766.

7.     Plaintiff is engaged in the business of developing, engineering and manufacturing various automotive and related products, primarily for sale and use in the automotive aftermarket. Plaintiff markets and distributes its goods and related services in California, within this judicial district and in interstate commerce.

8.     Defendant is engaged in the business of developing, engineering and manufacturing automobiles and automotive and related products, including automotive and related products for sale and use in the automotive aftermarket. Defendant markets and distributes its goods and related services in California, within this judicial district and in interstate commerce.

9.     Since at least as early as the year 1963, Plaintiff has continuously and extensively used the name SCAT and various SCAT-related marks to identify the source of its automotive and related products and to distinguish its goods/services in the marketplace.

10.     Plaintiff was incorporated in the State of California under the name Scat Enterprises, Inc. in June 1967 and has continuously used that corporate name to the present. Both prior to and subsequent to incorporation, Plaintiff has continuously and extensively used the name "Scat" as the dominant component of related trade names to identify itself as a legal entity since at least as early as the year 1963.

11.     Long after Plaintiff first used its SCAT name, various SCAT-related marks and trade names dominated by Scat for its automotive goods, Defendant adopted and commenced commercial use of SCAT PACK (sometimes SCAT PACKAGE) for its automotive goods and promotional materials and caused its automotive goods to be marketed, advertised, promoted and sold under the name SCAT PACK. Defendant has caused its goods identified by SCAT PACK (sometimes SCAT

Scat v. Chrysler Group (#55601)
**COMPLAINT FOR TRADEMARK INFRINGEMENT**

PACKAGE) to be offered for sale, sold and distributed to customers through its network of Dodge automobile dealerships and specifically installed in Dodge models associated with Plaintiff's brand name Challenger.

      (a)   <u>Prior Dealings Between Chrysler and Scat Enterprises</u>

12.   In the early 1980's, Plaintiff commenced selling its automotive parts, including crankshafts and rods, identified by its SCAT and SCAT-related marks and "Scat" trade names directly to Defendant.

13.   For many years, the parties have engaged in direct business dealings involving Plaintiff as supplier, selling and delivering its automotive parts to Defendant as purchaser, who in turn, installed Plaintiff's automotive parts directly into its vehicle engines for development and for sale to customers. The source of Plaintiff's automotive parts sold directly to Defendant were identified by Plaintiff's SCAT and SCAT-related marks and related "Scat" trade names, including Scat Enterprises, Inc.

14.   The sales of Plaintiff's automotive products distributed directly to Defendant and identified by Plaintiff's SCAT and SCAT-related marks and "Scat" trade names have been substantial.

15.   For many years, Plaintiff has sold automotive products, including crankshafts and connecting rods identified by its SCAT and SCAT-related marks and "Scat" trade names to Contract Engine Builders (such as Gary Stanton Racing, Cummins Inc., Ray Barton Racing, and Arrow Racing Engines), which automotive products were assembled into vehicle engines by Contract Engine Builders and sold to Defendant for sales to the general public.

16.   The sales of Plaintiff's automotive products distributed to Contract Engine Builders and then to Defendant and identified by Plaintiff's

SCAT and SCAT-related marks and "Scat" trade names have been substantial.

    (b)   Chrysler's Earlier Use and Abandonment of "SCAT PACK" - And Its Resumed Use of "SCAT PACK"

    17.   In 1968, Defendant adopted and used the name SCAT PACK for packages of performance parts and accessories to upgrade the appeal of its Dodge Charger, Dodge Coronet and Dodge Dart vehicles - the packages of parts and accessories including items such as hood air scoops to boost engine performance, chromed hood hold-down pins, three speed windshield wipers and special tires.

    18.   In the year 1968, Plaintiff observed that Defendant, through its Dodge division, was displaying and advertising the name SCAT PACK in *Hot Rod* magazine, a prestigious trade publication, for packages and kits of automotive performance parts and accessories identified by the name SCAT PACK. Plaintiff instructed its lawyers to notify Defendant and request that it discontinue use of SCAT PACK and, upon information and belief, Plaintiff's lawyers sent a notice to Defendant.

    19.   In 1971, Defendant ceased use of SCAT PACK for its packages of automotive performance parts and accessories.

    20.   After more than forty (40) years of non-use and inactivity, in November 2013, Defendant announced at the Specialty Equipment Market Association (SEMA) trade show in Las Vegas that it was resuming use of SCAT PACK for performance parts and accessories and distributed advertising and promotional materials prominently displaying the name SCAT PACK and SCAT PACKAGE.

(c)     Chrysler's Unsuccessful Attempts To Register
"SCAT PACK" In The USPTO

21.     The Defendant Chrysler Group, LLC filed a U.S. TM App. S.N. 86/048,726, on August 27, 2013, based upon intent-to-use (ITU), requesting registration of SCAT PACK, contemplated for use on goods described as "Motor vehicles, namely, passenger automobiles, their structural parts, trim and badges"/Int. Cl. 12. A TSDR printout of the USPTO is attached to the Complaint and identified as Exhibit A.

22.     A first Office Action from the TM Examiner of the USPTO was issued on October 11, 2013, refusing to register SCAT PACK under Section 2(d) of The Lanham Act, based upon contentions that SCAT PACK would cause likelihood of confusion with multiple prior U.S. registrations owned by and issued to Plaintiff Scat Enterprises, Inc. directed to its SCAT and SCAT-related marks. (Specifically, by way of cross-reference to the First Cause of Action, the registrations cited by the TM Examiner included those identified by Exhibits B, C, G & F attached to this Complaint).

Under the caption "SECTION 2(d) REFUSAL - LIKELIHOOD OF CONFUSION" of the first Office Action, the TM Examiner stated in part:

"Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3981319, 3944357, 3965092, 3944367 and 3217216. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq. See the enclosed registrations."

Under the caption "Conclusion" of the first Office Action, the Trademark Examiner stated in part:

"Since the marks are identical and the goods are related, registration of the proposed mark is refused

1
2
3

> because of a likelihood of confusion with the marks
> in U.S. Registration Nos. 3981319, 3944367,
> 3965092, 3944367 and 3217216."

4      23.    The Defendant Chrysler Group, LLC filed a response on or

5 about April 10, 2014 relative to the TM Examiner's first Office Action which

6 was accompanied by argument and evidence in support of its attempt to

7 overcome the TM Examiner's refusal to register SCAT PACK.

8      24.    A Final Action and refusal by the TM Examiner in the USPTO

9 was issued on May 6, 2014, further contending that use of SCAT PACK by

10 Defendant Chrysler Group, LLC would cause likelihood of confusion with

11 the multiple prior U.S. registrations owned by Scat Enterprises, Inc.

12 directed to its SCAT and SCAT-related marks.

13      Under the caption "SECTION 2(d) REFUSAL - LIKELIHOOD

14 OF CONFUSION" of the Final Action, the TM Examiner stated in part:

15
16
17
18
19
20

> "Registration of the applied-for mark is refused
> because of a likelihood of confusion with the marks
> in U.S. Registration Nos. 3981319, 3944367,
> 3965092, 3944367 and 3217216. Trademark Act
> Section 2(d), 15 U.S.C. §1052(d); *see* TMEP
> §§1207.01 *et seq.* See the enclosed registrations."

21

22      Under the caption "Conclusion" of the Final Action, the

23 Trademark Examiner stated in part:

24
25
26
27
28

> Since the marks are identical and the goods are
> related, registration of the proposed mark is refused
> because of a likelihood of confusion with the marks
> in U.S. Registration Nos. 3981319, 3944367,
> 3965092, 3944367 and 3217216."

* * *

25.    Plaintiff owns domain names with "scat" as a component and uses in the regular course of business, related websites including: www.scatenterprises.com; www.scatvw.com; www.scatcrankshafts.com; and www.procarbyscat.com.

26.    Defendant uses websites in the regular course of business that include "scat" as a component, including: www.scatpackforums.com.

27.    Plaintiff, through counsel, notified Defendant by certified letter dated November 22, 2013 to discontinue use of SCAT PACK and thereafter, Defendant, through counsel and Plaintiff through counsel, engaged in multiple communications, with the objective of amicably resolving this dispute.

28.    Defendant sells, markets, advertises, promotes and distributes its goods in the regular course of business in interstate commerce, in the State of California, and within this judicial district.

29.    Defendant sells, markets, advertises, promotes and distributes its goods using and displaying "SCAT PACK" in the regular course of business, in interstate commerce, in the State of California, and within this judicial district.

30.    Defendant has transacted and is doing business in interstate commerce, in the State of California, and within this judicial district.

31.    Defendant has induced and caused its automotive dealers to do business using and displaying SCAT PACK in interstate commerce, in the State of California, and within this judicial district.

32.    Plaintiff's claims asserted against Defendant regarding all causes of action stated in these pleadings arose in this judicial district.

* * * * *

**FIRST CAUSE OF ACTION FOR INFRINGEMENT**
**OF U.S. TRADEMARK REGISTRATIONS**

33.     Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5 through 32.

34.     Plaintiff is the exclusive owner of incontestible U.S. TM Reg. No. 3,217,216 for SCAT, listed on the Principal Register, granted March 13, 2007 (amended 2009), and used for goods included within Int. Cls. 7 & 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "B" (2 pp.).

35.     Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,981,319 for a SCAT Logo, listed on the Principal Register, granted June 21, 2011 and used for goods included within Int. Cl. 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "C".

36.     Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,981,318 for a SCAT Logo, listed on the Principal Register, granted June 21, 2011 and used for goods included within Int. Cl. 7. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "D".

37.     Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,944,368 for a SCAT Logo, listed on the Principal Register, granted April 12, 2011 and used for goods within Int. Cl. 7. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "E".

38.     Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,944,367 for SCAT, listed on the Principal Register, granted April 12, 2011  and used for goods within Int. Cl. 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "F".

Scat v. Chrysler Group (#55601)
**COMPLAINT FOR TRADEMARK INFRINGEMENT**

39.    Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,965,092 for PROCAR BY SCAT, listed on the Principal Register, granted May 24, 2011 and used for goods within Int. Cl. 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "G".

40.    Plaintiff is the exclusive owner of incontestible U.S. TM Reg. No. 3,222,015 for a SCAT CRANKSHAFTS Logo, listed on the Principal Register, granted March 27, 2007  and used for goods within Int. Cls. 7 & 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "H" (2 pp.).

41.    Plaintiff is the exclusive owner of U.S. TM Reg. No. 3,888,716 for a U.S. CRANKSHAFT BY SCAT Logo, listed on the Principal Register, granted December 14, 2010  and used for goods within Int. Cls. 7 & 12. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "I" (2 pp.).

42.    The above registered marks and other marks that include SCAT constitute a family of SCAT marks and will sometimes be referred to collectively as Plaintiff's SCAT and SCAT-related marks.

43.    Subsequent adoption and commercial use by Defendant of SCAT PACK and SCAT in connection with its automotive products and related goods is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public, relative to Plaintiff, Plaintiff's eight (8) above-identified federally registered marks, and the correct source of Defendant's goods.

44.    Past, present and future commercial usage by Defendant of the SCAT PACK name and commercial designations that include "SCAT" constitutes infringement of Plaintiff's U.S. trademark registrations under the U.S. trademark laws. 15 U.S.C. §1051 et. seq., 15 U.S.C. §1114(a).

45.   Plaintiff is entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. <u>15 U.S.C. §§ 1116, 1117 and 1118</u>.

* * * * *

## SECOND CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION RE TRADEMARKS UNDER THE LANHAM ACT 15 U.S.C. §1125(a)(1)(A)

46.   Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5  through 32.

47.   The SCAT name and SCAT-related names as used by Plaintiff for its automotive and related products are designations of origin that identify Plaintiff as an exclusive source and distinguish Plaintiff's goods/services in the marketplace.

48.   The designations of origin SCAT and SCAT-related names, as used by Plaintiff as marks and source indicators were all inherently distinctive when first used and protectable under the U.S. trademark laws long prior to Defendant's entry into the marketplace using identical and closely similar designations, SCAT and SCAT PACK and commercial phrases that include the term SCAT.

49.   The designations of origin SCAT and SCAT-related marks, used by Plaintiff as its source indicators, are readily recognized and have become famous among customers, members of the trade and the general public by reason of Plaintiff's extensive use of these designations of origin, both in the U.S. and internationally, in connection with selling, promoting and advertising its goods/services.

50.   Plaintiff has from time to time over the years, used and prominently displayed SCAT and SCAT-related marks on promotional materials, including clothing, t-shirts, hats, sweatshirts, jackets and decals.

51.     Defendant promotes and advertises its performance packages and kits of performance automotive components identified by SCAT PACK and the related and equivalent name "SCAT PACKAGE" by distributing commercial trade pieces. An exemplar of Defendant's advertising displaying SCAT PACK and "SCAT PACKAGE" and identifying company divisions Dodge and Mopar and its website www.scatpackforums.com - is attached to this Complaint and identified as Exhibit J (2 pp., front & back). Defendant promotes and advertises SCAT PACK by links from other of its websites, including www.dodge.com, www.mopar.com, and www.chrysler.com.

52.     Defendant's unauthorized usage of SCAT PACK and SCAT is likely to cause initial interest confusion relative to Plaintiff and the correct source of Defendant's goods.

53.     Defendant's resumed prominent use of SCAT and SCAT PACK will likely cause members of the trade, customers and others to mistakenly believe that Defendant owns SCAT and SCAT-related marks and that Plaintiff is infringing upon Defendant's rights. Defendant's acts constitute reverse confusion.

54.     By using the above-described false designations of origin SCAT PACK and SCAT, Defendant has passed off its goods as Plaintiff's goods.

55.     Defendant knew or should have known that in again selecting and resuming use of SCAT PACK and SCAT as designations of origin, it would likely fool purchasers and members of the trade into mistakenly believing that Defendant's goods were produced, sponsored, approved or licensed by Plaintiff.

56.     Commercial usage by Defendant of SCAT PACK and SCAT is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public - relative to

1   Plaintiff's goods/services, Plaintiff's commercial activities, Plaintiff and the
2   correct source of Defendant's goods.

3       57.    Existing and potential customers, members of the trade, as well
4   as members of the general public will, upon observing or reacting to
5   Defendant's usage of SCAT PACK and SCAT and other designations of
6   origin including SCAT, likely believe there is a sponsorship, affiliation,
7   association, licensing and/or other business connection between Plaintiff
8   and Defendant.

9       58.    Plaintiff has no plain, speedy or adequate remedy at law and
10  will continue to suffer great and irreparable injury to the trade identify rights
11  for which it cannot be fully compensated in damages - unless the Court
12  enjoins Defendant from further use of its confusingly similar and false
13  designations of origin SCAT PACK and SCAT, and other designations
14  including the term SCAT.

15      59.    Past, present and future commercial usage by Defendant of
16  SCAT PACK and SCAT, other designations including the terms SCAT -
17  constitute infringement, false designation of origin, false representation and
18  violation of Plaintiff's trade identity rights and the general public's right to be
19  free from confusion and misrepresentations under the U.S. trademark laws.
20  15 U.S.C.§1051, et seq., §1125(a)(1)(A).

21      60.    Plaintiff is entitled to a full range of injunctive and monetary
22  relief and remedies under the provisions of The Lanham Act and the U.S.
23  laws relating to trademarks and unfair competition. 15 U.S.C. §§1116, 1117
24  and 1118.

25                              * * * * *

26  **THIRD CAUSE OF ACTION FOR FALSE ADVERTISING**
    **UNDER THE LANHAM ACT 15 U.S.C. §1125(a)(1)(B)**
27
28      61.    Plaintiff incorporates by reference as part of this cause of action
    the allegations contained in ¶¶5 through 32 and ¶¶46 through 60.

62.     Defendant uses Plaintiff's name SCAT to commercially advertise and promote the sale of its own automotive products. Exhibit J.

63.     Defendant's acts constitute deception and misrepresentation to purchasers and the general public and will proximately cause commercial injury to Plaintiff's business reputation, auto parts sales and related economic interests.

64.     Defendant's foregoing acts constitute false advertising and misrepresentation. 15 U.S.C. §1125(a)(1)(B).

* * * * *

**FOURTH CAUSE OF ACTION FOR VIOLATION OF MARK RIGHTS UNDER THE COMMON LAW AND STATUTORY LAW OF THE STATE OF CALIFORNIA**

65.     Plaintiff incorporates by reference as part of this cause of action the allegations of ¶¶5 through 32 and ¶¶46 through 60.

66.     SCAT and SCAT-related marks, as adopted and continuously used by Plaintiff to distinguish its goods/services from those of others, are marks that are protectable under the common law and the statutory laws of the State of California. <u>California Business & Professions Code ¶14,330</u>.

67.     SCAT and SCAT-related marks, as used by Plaintiff to distinguish its goods and identify its business, symbolize Plaintiff's business reputation and good will under the common law and the statutory laws of the State of California. <u>California Business & Professions Code ¶14,330</u>.

68.     Defendant's unauthorized usage of SCAT PACK and SCAT marks, and commercial phrases that include the term "SCAT", is likely to injure Plaintiff's business reputation; is likely to dilute the distinctive quality of Plaintiff's marks; is likely to cause confusion, mistake or deception as to the correct source of Defendant's goods; and infringes Plaintiff's trade

identity rights and related property rights under the common law and statutory laws of the State of California.

69.    Plaintiff has no adequate remedy at law and will continue to suffer great and irreparable injury for which it cannot be fully compensated in money damages, unless the Court enjoins Defendant from the above-described conduct.

* * * * *

## FIFTH CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER CALIFORNIA LAW

70.    Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5  through 32 and ¶46 through 69.

71.    Defendant's above-described conduct constitutes unfair competition under the common law and statutory laws of the State of California. California Business and Professions Code §§ 17,200, 17,203, and 17,500.

72.    Defendant has misappropriated the good will symbolized by Plaintiff's distinctive mark SCAT and SCAT-related marks, and names including SCAT.

73.    Defendant had prior awareness of and imitated Plaintiff's established SCAT and SCAT-related marks - and has unjustly enriched itself at Plaintiff's expense.

74.    Defendant's above-described conduct was and is: intended to cause injury to Plaintiff; despicable conduct carried on with willful and conscious disregard of the rights of Plaintiff; and despicable conduct that subjects Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, thereby making Defendant liable for exemplary and/or punitive damages.

* * * * *

**RELIEF SOUGHT**

WHEREFORE, Plaintiff Scat Enterprises, Inc., prays for:

I.     Judgment for preliminary and permanent injunctions enjoining Defendant Chrysler Group LLC, all of its officers, directors, owners, partners, Chrysler dealerships, Dodge dealerships, employees, servants and agents; its parent company Fiat S.p.A. (of Italy); its related companies and divisions including Dodge and Mopar -and- all those persons in active concert or participation with Defendant from violating Plaintiff's rights by way of:

(a)     using SCAT, SCAT PACK, SCAT PACKAGE, or any name or phrase including "SCAT" for or in connection with selling, marketing, advertising, promoting and/or distributing automotive components, parts, accessories, kits, vehicles or related goods/services.

(b)     using any word, name, mark, designation, logo or other materials for or in connection with selling, marketing, advertising, promoting and/or distributing automotive components, parts, accessories, kits, vehicles or related goods/services - which is likely to cause confusion, mistake or deception as to source relative to any of Plaintiff's names, marks, designations of origin, logos, including SCAT, SCAT-related marks, or phrases including "SCAT".

(c)     using a website or domain name including the word "scat" for automotive business.

(d)     passing off Defendant's goods/services as Plaintiff's goods/services.

(e)     practicing unfair competition, unfair trade practices, false advertising and/or misappropriation against Plaintiff.

(f)     practicing any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's good will and

Scat v. Chrysler Group (#55601)
**COMPLAINT FOR TRADEMARK INFRINGEMENT**

business reputation by way of imitation, misappropriation, false statements, fraud, advertising and/or deception.

     II.    An Order from the Court commanding that Defendant mail notice letters at its expense to all Dodge and other dealerships, distributors, jobbers, Contract Engine Builders, customers, accounts, distributors, dealers,  salesmen, sales reps, and suppliers - informing them that Defendant has committed unfair competition and trademark infringement against Plaintiff and that it has no affiliation with Plaintiff.

     III.    An Order from the Court commanding that Defendant deliver to Plaintiff for destruction, all advertising, labeling, packaging, sales literature, promotional literature, catalogs, marketing materials and other trade pieces within its possession or control which use or display:

          (a)    SCAT

          (b)    SCAT PACK

          (c)    SCAT PACKAGE

          (d)    Any phrase including the term "SCAT".

     IV.    Money damages and treble damages suffered by Plaintiff in an amount to be ascertained.

     V.    An accounting for all Defendant's profits.

     VI.    Exemplary and punitive damages against Defendant.

     VII.    Reasonable attorneys' fees and costs of this civil action. <u>15 U.S.C. §1117(a)</u>.

     VIII.  All other injunctive and monetary relief which the Court deems justifiable.

* * * * *

/ /

/ /

/ /

1

## DEMAND FOR JURY TRIAL

2

Plaintiff Scat Enterprises, Inc., hereby demands a trial by jury.

3

4

5  Dated:   October 15, 2014                 Respectfully submitted:

6                                            KELLY & KELLEY, LLP

7                                                    /s/ Michael A. DiNardo

8                                            By:_____

9                                               John E. Kelly, Esq.
                                                Michael A. DiNardo, Esq.
10                                              Attorneys for Plaintiff,
                                                Scat Enterprises, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28